UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROBERT ANTHONY LAY,                 )
                                    )
          Plaintiff,                )   Case No.: 2:20-cv-01748-GMN-VCF
   vs.                              )
                                    )   **ORDER**
CAESARS ENTERTAINMENT               )
CORPORATION,                        )
                                    )
          Defendant.                )
                                    )

Pending before the Court is the Motion to Dismiss, (ECF No. 24), filed by Defendant Caesars Entertainment Corporation ("Defendant"). Plaintiff Robert Lay ("Plaintiff") filed a Response, (ECF No. 31), and Defendant filed a Reply, (ECF No. 32). For the reasons discussed herein, Defendant's Motion to Dismiss is **GRANTED**.[1]

I. **BACKGROUND**

This case concerns Defendant's prohibition of Plaintiff from participating in the annual Global Casino Championship, despite Plaintiff qualifying to attend the event. (Compl. ¶¶ 50–52). Defendant organizes the World Series of Poker Circuit ("WSOPC"), which is an annual series of poker festivals held at various casinos domestically and internationally. (Compl. ¶ 9). Each WSOPC festival consists of a series of poker tournaments held at a single venue. (*Id*. ¶

---

[1] Also before the Court is Defendant's Request for Judicial Notice, (ECF No. 25). There, Defendant requests the Court take judicial notice of eight (8) court documents from *Lay v. Caesars Enterprises Services, LLC*, Case No. 18-cv-00096-CCB (D. Md. 2018) and *Lay v. Caesars Entertainment Corporation*, Case No. 24C19002692. (Req. Judicial Notice 1:22–17, ECF No. 25). A court may "take judicial notice of matters of public record outside the pleadings and consider them for purposes of [a] motion to dismiss." *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (internal quotation and citation omitted). Moreover, courts "may take judicial notice of undisputed matters of public record . . . including documents on file in federal or state courts." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). There is no suggestion that the state and federal court documents provided by Defendant as exhibits to its Motion to Dismiss are incorrect. The Court therefore takes judicial notice of the requested state and federal court filings.

10). Each venue is considered a "tour stop." (*Id.*). As part of a year-long promotion, participants at WSOPC may gather "points" through their participation in tour stops throughout the country. (*Id.* ¶ 15). Participants with the most points at the end of each year are invited to the Global Casino Championship. (*Id.* ¶ 16).

### A. Factual History

Plaintiff is a professional poker player who derives a significant portion of his income from participating in poker tournaments around the United States. (*Id.* ¶ 39). In 2013, a federal grand jury sitting in the Western District of Oklahoma indicted fifty-seven (57) defendants, including Plaintiff, with operating an illegal sports gambling conspiracy. (*Id.* ¶ 32). Plaintiff pled guilty to engaging in a racketeering conspiracy, in violation of Title 18, Section 1962(d) of the United States Code. (*Id.* ¶ 36). On January 7, 2016, Plaintiff was sentenced to one year of probation, one-hundred and four (104) hours of community service, and a payment of a special assessment of one hundred (100) dollars. (*Id.* ¶ 37). Plaintiff completed his sentence without any incident and is no longer on probation. (*Id.* ¶ 38).

Despite his criminal history, Plaintiff participated in multiple WSOPC events in 2016 and began accumulating points toward entry in the Global Casino Championship. (*Id.* ¶ 45). In August 2017, Plaintiff received an invitation to the Global Casino Championship after earning sufficient qualifying points through WSOPC events. (*Id.* ¶ 50). However, shortly after receiving his invitation, Defendant sent Plaintiff a notice (the "Banning Notice") prohibiting him from entering all Caesars properties in the United States and effectively, from participating in the Global Casino Championship. (*Id.* ¶ 51).

//
//
//
//

**B. Procedural History**

In light of his rescinded invitation, Plaintiff filed two lawsuits against various entities related to Defendant. Each lawsuit is explained in detail below.

> 1. Robert Lay v. Caesars Enterprises Services, LLC, Case No. 18-cv-00096-CCB (D. Md. 2018) ("First Lay Action")

On November 2, 2017, Plaintiff filed suit against Caesars Enterprises Services, LLC ("Caesars Enterprises") in the Circuit Court for Baltimore County, Maryland. (*See* Memo. filed on April 25, 2018, Ex. F to Req. Judicial Notice, ECF No. 25-6). Specifically, Plaintiff sued Caesars Enterprises under four causes of action: (1) fraud; (2) negligent misrepresentation; (3) negligence per se; and (4) unfair and deceptive trade practices. (*Id*. at 3). On January 10, 2018, Caesars Enterprises removed the case to federal court on the basis of diversity jurisdiction. (*Id*.). In April 2018, the District Court for the District of Maryland granted Caesars Enterprises' Motion to Dismiss and dismissed the case with prejudice. (*See* Order, Ex. A to Req. Judicial Notice, ECF No. 25-1).

> 2. Robert Lay v. Caesars Entertainment Corporation, Case No. 24C19002692, Circuit Court for Baltimore City, Maryland ("Second Lay Action")

On May 3, 2019, Plaintiff filed a related lawsuit against Caesars Entertainment Corporation in the Circuit Court for Baltimore City. (*See* Docket, Ex. B to Req. Judicial Notice, ECF No. 25-2). The case was ultimately dismissed without prejudice on October 29, 2019. (*See id*.).

On July 17, 2020, Plaintiff filed the instant suit in the Circuit Court for Baltimore City, Maryland, alleging the following four causes of action: (1) fraud; (2) negligent misrepresentation; (3) negligence per se; and (4) unfair and deceptive trade practices under Maryland state law. (*See generally* Compl., ECF No. 2). Defendant removed the suit to the District Court for the District of Maryland on the basis of diversity jurisdiction. (Notice of

Removal, ECF No. 1). On September 21, 2020, the District Court for the District of Maryland transferred the case to the District of Nevada. (*See* Order Granting Consent/Joint Mot. to Transfer, ECF No. 11). Defendant then filed the instant Motion to Dismiss, (ECF No. 24).

## II.  LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282

(9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.  DISCUSSION

Defendant moves to dismiss Plaintiff's claims, arguing that dismissal is proper because: (1) Defendant lawfully banned Plaintiff from the WSOPC under the tournament rules and Nevada law; (2) Plaintiff's claims are barred under claim preclusion; and (3) Plaintiff fails to plausibly allege claims under Rule 12(b)(6). (Def.'s Mot. Dismiss ("MTD") 3:7–5:17, ECF No. 24). The Court begins its discussion by addressing claim preclusion.

### A.  Claim Preclusion

Defendant argues that Plaintiff's claims are precluded because Plaintiff filed identical claims in the First Lay Action. (*Id.* 16:15–19:26). In response, Plaintiff contends that claim preclusion does not apply because: (1) Defendant is not in privity with Caesars Enterprises and (2) the First Lay Action did not end in final judgment. (Resp. to MTD 7:10–8:2, ECF No. 31).

Claim preclusion under the doctrine of *res judicata* applies when "a final judgment on the merits bars further claims by the same parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979); *accord Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th

Cir. 2003). It prohibits the re-litigation of any claims that were raised or could have been raised in a prior action. *Western Radio Servs. Co., Inc. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). To determine whether a state court decision precludes a party from litigating a claim or issue in federal court, the federal court must apply the *res judicata* rules of the state court wherein the prior judgment was rendered. *See Manufactured Home Communities, Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005); *Pedrina v. Chun*, 906 F. Supp. 1377, 1399 (D. Haw. 1995), aff'd 97 F.3d 1296 (9th Cir. 1996); *Taco Bell Corp. v. TBWA Chiat/Day Inc.*, 552 F.3d 1137, 1144 (9th Cir. 2009) (adopting Michigan preclusion principles as applicable federal common law). Because Plaintiff filed the First Lay Action in Maryland, the *res judicata* rules in the state of Maryland apply.

In Maryland, a claim is precluded by *res judicata* when three elements are met: (1) that the parties in the present litigation are the same or in privity with the parties to the earlier dispute; (2) that the claim presented in the current action is identical to the one determined in the prior adjudication; and (3) that there has been a final judgment on the merits. *See Colandrea v. Wilde Lake Comm. Ass'n.*, 361 Md. 371, 392, 761 A.2d 899, 910 (2000).

Plaintiff does not address whether the claims asserted in the present action are identical to those raised in the First Lay Action. (Resp. to MTD at 8). Upon the Court's own comparison of the cases, the Court finds that Plaintiff raised the exact same claims for fraud, negligence, and unfair deceptive trade practice in the First Lay Action. (*See* Memo. filed on April 25, 2018 at 1). The Court thus limits its below discussion to the remaining elements of claim preclusion, namely if there has been a final judgment on the merits and if the parties are the same or in privity.

1. Final Judgment

Plaintiff claims that the First Lay Action was dismissed without adjudication on the merits because the case terminated on a motion to dismiss, without any discovery. (Resp. to

1   MTD 7:10–21).  Maryland courts, however, have determined that a dismissing an action based
2   on a motion is a final judgment on the merits.  *See Anne Arundel Cty. Bd. of Educ. v. Norville*,
3   887 A.2d 1029, 1042 (Md. 2005) (noting that "dismissal of an action upon a defendant's
4   motion constitutes an adjudication on the merits, unless specified otherwise by the court
5   dismissing the action"); *Claibourne v. Willis*, 347 Md. 684, 702 A.2d 293, 297 (Md. 1997) ("At
6   least one effect of the dismissal with prejudice is the same as a court entered final adjudication
7   of the merits.").  Here, the District Court in the District of Maryland, in Plaintiff's First Lay
8   Action, granted Defendant's Motion to Dismiss and subsequently dismissed the case with
9   prejudice. (*See* Order, *Lay v. Caesars Enterprises Services, LLC*, Ex. A to Req. Judicial Notice,
10  ECF No. 25-1).  The Court accordingly finds that the third element of claim preclusion is met.

    2.  Same Parties or Parties in Privity

12      Plaintiff asserts that Defendant is not the same party as Caesars Enterprises Services, the
13  defendant in the First Lay Action. (Resp. to MTD 7:22–8:3).  Further, Plaintiff claims that the
14  parties are not in privity. (*Id.*).

15      "In the context of claim preclusion, the term 'privity' refers to 'a person so identified in
16  interest with another that he represents the same legal right.'" *Hall v. St. Mary's Seminary &*
17  *Univ.*, 608 F. Supp. 2d 679, 685 (D. Md. 2009); (citing *FWB Bank v. Richman*, 354 Md. 472,
18  498, 731 A.2d 916 (1999)).  Strict privity of parties is not required in Maryland for purposes of
19  *res judicata. See Pat Perusse Realty Co. v. Lingo*, 249 Md. 33, 45, 238 A.2d 100, 107-08
20  (1968).  "Maryland has . . . relaxed its privity requirements such that 'a defendant not in privity
21  with a defendant to the first suit may invoke the defense of *res judicata*' in cases where 'where
22  the plaintiff had a full and fair opportunity to litigate the same claim in the prior proceeding.'"
23  *Jacobs v. Venali, Inc.*, 596 F. Supp. 2d 906, 913 (D. Md. 2009) (citing *deLeon v. Slear*, 328
24  Md. 569, 616 A.2d 380, 389 (Md. 1992)).

Here, Defendant may invoke claim preclusion as a defense because Plaintiff had a "full and fair opportunity to litigate the same claims in the First Lay Action. *See id*. Plaintiff knew in the First Lay Action that Defendant was connected to the WSOPC and further, that Defendant issued the banning notice central to Plaintiff's claims. (*See* Memo. filed on July 12, 2018, Ex. I to Req. Judicial Notice, ECF No. 25-9). Plaintiff's refusal to name Defendant in the First Lay Action does not insulate his instant suit from the doctrine of claim preclusion. Plaintiff had a full and fair opportunity to litigate the same four claims of fraud, negligence, and deceptive trade practices against Defendant in the First Lay Action. Because all three elements of claim preclusion are met, the Court grants Defendant's Motion to Dismiss.[2]

## V. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 24), is **GRANTED**.

The Clerk of Court shall enter judgment and close the case accordingly.

**DATED** this __23__ day of September, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[2] Because Plaintiff's claims are barred under claim preclusion and amendment is futile, the Court additionally denies Plaintiff's request for leave to amend. *See Foman*, 371 U.S. at 182 (finding that leave to amend should be granted in the absence of a reason such as "futility of the amendment").